# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHL VARIABLE INSURANCE CO.,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>KENNETH GREEN FAMILY INSURANCE TRUST, by and through its trustee, VINCENT M. GIORDANO,<br><br>　　　　　　　　　Defendant. | Case No. 09cv2606 BTM (POR)<br><br>**ORDER STAYING CASE AND SETTING STATUS CONFERENCE** |

　　　Vincent Giordano, the trustee of Defendant Kenneth Green Family Insurance Trust, has filed for bankruptcy. Although Mr. Giordano's personal bankruptcy appeared to be unrelated to his role as Defendant's trustee, the Court had concerns regarding the applicability of the automatic stay to this action and asked the parties to brief the issue. The parties have done so, and based on their briefing, the Court is concerned that any further actions in this case could be wasted if the automatic stay is applicable. *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074 (9th Cir. 2000) ("[A]ctions taken in violation of the automatic stay are void.").

　　　Although there is one case from the Bankruptcy Court of the Southern District of New York which holds that an action against a debtor in his capacity as a trustee is subject to the automatic stay, *see Colin v. Mfr.'s Hanover Trust Co.*, 35 B.R. 904, 908–09 (Bankr. S.D.N.Y. 1983), the Court is unable to find any other authority on the subject. There may be good grounds to distinguish that case, but the risk of wasting judicial resources on this case is too

1  great, especially if Plaintiff can easily seek an order from the bankruptcy court establishing
2  either that the automatic stay does not apply here, or if it does, that this case should be
3  exempted.

4  The Court therefore **STAYS** this case pending an order from the bankruptcy court.
5  If Plaintiff wishes to proceed with this case, it must seek an order from the bankruptcy court
6  regarding the applicability of the automatic stay to this case.  Without such an order, this
7  case will remain stayed.  The Court sets a status conference for **December 15, 2010 at 3:00**
8  **p.m.**  If Plaintiff obtains the bankruptcy court order before then, it must move to lift the stay
9  and cancel the status conference, and attach a copy of the order to its motion.

**IT IS SO ORDERED.**

DATED: July 21, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge